UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| United States of America, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$25,411.84 in United States Currency )<br>More or less, )<br>)<br>Defendant, )<br>)<br>Roger L. Moss )<br>Movant. )<br>) | Case No. 24-1224-KHV-GEB |

# MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Appoint Counsel (ECF No. 9). After review of Movant's Motion (ECF No. 9) and Plaintiff's Response (ECF No. 15), the Court DENIES Movant's Motion (ECF No. 9) without prejudice as premature.

### I.   Background

This is a civil forfeiture action. The United States represents that the matter regards the proceeds of distributed narcotics and is brought to disgorge those proceeds.[1] On January 6, 2025, District Judge Vratil issued the Warrant of Arrest *In Rem* for the relevant proceeds. On February 24, 2025, the Movant filed a Motion to Dismiss (ECF No. 8) and the instant Motion for Appointment of counsel (ECF No. 9). The Plaintiff responded to the Motion on March 10, 2025 (ECF No. 15) and the Movant did not file a subsequent reply. It is also

---

[1] ECF No. 15 at 1.

important to note the Movant has yet to respond to the Forfeiture Notice and his deadline for doing so was March 21, 2025 (ECF No. 6). To date, the Movant has not filed a claim in the action. Yet, the Motion for Appointment of Counsel is fully briefed and ready for determination.

## II.     Motion for Appointment of Counsel (ECF No. 9)

Movant seeks the appointment of counsel for this civil forfeiture matter relating to alleged proceeds from his past criminal matter.[2] Movant asserts because he is in the U.S. Penitentiary, his access to the legal knowledge necessary to litigate this issue is limited, and he lacks the funds to afford an attorney for himself.[3] Plaintiff responds there is no right to counsel in civil forfeiture proceedings,[4] and even if a limited circumstance existed to appoint counsel, Movant's motion is premature where it fails to first establish standing to contest the forfeiture before seeking counsel.[5]

The Court finds Movant's Motion to Appoint Counsel (ECF No. 9) is premature where it fails to first establish standing under the civil forfeiture statute. Fed. R. Civ. P. 1 provides for the "just, speedy, and inexpensive determination of every action and proceeding." The Court holds the inherent power to control the disposition of causes on its' docket in the interest of judicial economy of time and effort.[6] The first requirement for the

---

[2] ECF No. 9 at 1.
[3] *Id*. at 1-2.
[4] *U.S. v. Deninno*, 103 F.3d 82, 86 (10th Cir. 1996).
[5] ECF No. 15 at 3-4.
[6] *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1998); *see also Digital Ally, Inc. v. Taser Internat'l*, 2019 WL 13072873, at *2 (D. Kan. July 9, 2019); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

Court to consider under 18 U.S.C. § 983(b)(1) for appointment of counsel in civil forfeiture proceedings is "the person's standing to contest the forfeiture." Here, the Movant has yet to establish standing to contest the forfeiture by responding to the Forfeiture Notice and stating a claim. Thus, in the interest of judicial economy, the Movant ought to establish standing to contest the forfeiture before the issue of representation can be determined. The Court will not attempt to construe Movant's standing prior to the statement of a claim or resolution of the Motion to Dismiss (ECF No. 8), nor is it proper to do so in the instant motion. Thus, **Movant's Motion (ECF No. 9) is DENIED without prejudice** as premature.

**IT IS SO ORDERED.**

Dated March 28, 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge