## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|       ) | |
|       **Plaintiff,**      ) | **CIVIL ACTION** |
| **v.**      ) | |
|       ) | **No. 24-1224-KHV** |
| **$25,411.89 in UNITED STATES CURRENCY,**      ) | |
|       ) | |
|       **Defendant.**      ) | |
| _____) | |

### MEMORANDUM AND ORDER

On May 18, 2022, the Honorable John W. Broomes sentenced Roger Moss to 255 months in prison and ordered him to forfeit $25,411.84 in drug proceeds which officers had seized from his apartment.  See Amended Judgment In A Criminal Case (Doc. #136) filed in United States v. Moss, D. Kan. No. 20-10038-01-JWB.  On October 22, 2024, the Tenth Circuit affirmed Mr. Moss's convictions and sentence, but vacated the forfeiture order.  See United States v. Moss, No. 22-3101, 2024 WL 4541738 (10th Cir. Oct. 22, 2024), cert. denied, No. 24-6637, 2025 WL 889287 (U.S. Mar. 24, 2025).  On December 10, 2024, the government filed this civil forfeiture action which arises from the seizure of $25,411.89 from Mr. Moss's apartment.[1]  This matter is before the Court on the Motion To Dismiss And Return Of Property (Doc. #8) which Roger L. Moss filed February 24, 2025.  For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On December 17, 2021, a jury found Mr. Moss guilty of possession with intent to distribute methamphetamine, heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1–3),

---

[1]    The government seeks forfeiture of a slightly different amount (five cents more) in this civil action.

possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4) and possession of a firearm while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g) (Count 5).  Verdict (Doc. #120 in D. Kan. No. 20-10038-01-JWB).  The jury also found that the $25,411.84 in cash which officers seized from Mr. Moss's residence constituted or was derived from proceeds of his three offenses for possession of a controlled substance with intent to distribute.  Special Verdict Form For Forfeiture (Doc. #121 in D. Kan. No. 20-10038-01-JWB) filed December 20, 2021 at 1–2.

On May 18, 2022, Judge Broomes sentenced Mr. Moss to 255 months in prison and ordered him to forfeit $25,411.84 in drug proceeds.  On appeal, the Tenth Circuit affirmed Mr. Moss's convictions and sentence, but vacated the district court's forfeiture order.  2024 WL 4541738, at *6.  In doing so, the Tenth Circuit noted that the government conceded that the evidence presented at trial failed to establish the required nexus between the cash in Mr. Moss's residence and an offense of conviction.[2]  Id.  On March 24, 2025, the United States Supreme Court denied Mr. Moss's petition for certiorari.  2025 WL 889287.

On December 10, 2024, the government filed this civil forfeiture action which arises from the seizure of $25,411.89 from Mr. Moss's apartment.  On February 24, 2025, Mr. Moss filed a motion to dismiss this action and to return the money to him.  On March 28, 2025, Mr. Moss timely filed a verified claim to the money.[3]

---

[2]    On appeal, the government agreed that the district court erred in ordering forfeiture of cash as proceeds of the specific offenses for possession with intent to distribute.  See Answering Brief For The United States (Doc. #76 in United States v. Moss, 10th Cir. No. 22-3101) filed April 19, 2023 at 12.  The government acknowledged that to the extent that the cash was proceeds of a drug transaction, it could not be proceeds of drugs that defendant possessed on the date that officers arrested him.  See id. at 50–51.

[3]    See Claim (Doc. #18) filed March 31, 2025.  The Court previously extended Mr.
(continued. . .)

**Analysis**

The government alleges that the money seized from Mr. Moss's apartment should be forfeited to the government because it is proceeds of drug trafficking.  See 21 U.S.C. § 881(a)(6) (all proceeds traceable to exchange of money for controlled substance subject to forfeiture).  Mr. Moss argues that because the Tenth Circuit vacated the forfeiture judgment in the criminal action against him, this Court should dismiss this action under the doctrine of res judicata or collateral estoppel.[4]

An essential condition of collateral estoppel, i.e. issue preclusion, is that the issue decided in the prior action is "identical" with the one presented in the current action.[5]  Likewise, an

---

[3](. . .continued)
Moss's deadline to file a claim until March 21, 2025.  See Order (Doc. #6) filed February 20, 2025. The government later stated in its response to Mr. Moss's motion that the Court had granted an extension until March 28, 2025.  United States' Response To Motion To Dismiss And Return Of Property (Doc. #16) at 3.  Based on the government's erroneous statement and Mr. Moss's pro se status, the Court extends the deadline until March 28, 2025.
    Mr. Moss states that he deposited his claim in the prison mail on March 26, 2025.  See Claim (Doc. #18) at 2.  Under the prison mailbox rule, the Court deems Mr. Moss's claim filed on the day he delivered it to prison officials for mailing.  See Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005).  For this reason and because the government has not objected to the timeliness of Mr. Moss's claim, the Court finds that it is timely.

[4]    The government has not objected to the format of Mr. Moss's claim or asserted that his claim is insufficient to establish standing.  For this reason and because Mr. Moss's Claim (Doc. #18) appears to sufficiently allege an interest in the seized money, the Court finds that Mr. Moss has standing to intervene in this civil forfeiture action.  See United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273 (10th Cir. 2008) (claimant must allege sufficient interest in seized property such as ownership interest, lawful possessory interest or security interest); Supplemental Rule G(5)(a) of the Federal Rules of Civil Procedure (claimant must identify specific property claimed, specify interest, sign claim under penalty of perjury and serve designated government attorney).

[5]    B-S Steel of Kan. Inc. v. Tex. Indus., Inc., 439 F.3d 653, 662 (10th Cir. 2006). Federal law requires four conditions to establish collateral estoppel: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been
(continued. . .)

essential condition of res judicata, i.e. claim preclusion, is that the current action raises the same claim or cause of action.[6]

Mr. Moss cannot establish that the issues or claims raised in the criminal and civil forfeiture proceedings are the same.  Civil forfeiture actions are independent of criminal proceedings.  U.S. v. $12,900 in U.S. Currency, 803 F. Supp. 1459, 1465 (S.D. Ind. 1992).  To establish forfeiture of drug proceeds in a civil action, the government need only trace the currency to drug trafficking generally.  See United States v. $118,170.00 in U.S. Currency, 69 F. App'x 714, 717 n.1 (6th Cir. 2003) (government must show substantial connection to specific offense if seeking forfeiture of property involved in crime, but not when seeking civil forfeiture of property "traceable to" crime).  In contrast, in the criminal proceeding against Mr. Moss, the government had to establish that the money constituted or was derived from proceeds he obtained from the specific charged offenses for possession with intent to distribute.  See id.; see also Special Verdict Form For Forfeiture (Doc. #121 in D. Kan. No. 20-10038-01-JWB) at 1–2.  Because of the different legal standards for criminal and civil forfeitures, res judicata and collateral estoppel do not bar this civil action for forfeiture of the same currency for which the government unsuccessfully sought criminal forfeiture.  See United States v. One Assortment of 93 NFA Regulated Weapons, 897 F.3d 961, 968 (8th Cir. 2018) (acquittal in criminal case does not bar civil forfeiture proceeding because of

---

[5](. . .continued)
finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.  Id.

[6]    Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999).  Federal law requires three conditions to establish res judicata: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.  Id.

different burdens of proof); <u>United States v. Liquidators of Eur. Fed. Credit Bank</u>, 630 F.3d 1139, 1150 (9th Cir. 2011) (government may pursue civil forfeiture even after failed criminal prosecution); <u>United States v. Dunn</u>, 802 F.2d 646, 647 (2d Cir. 1986) (res judicata and collateral estoppel do not bar civil forfeiture action for same currency for which criminal forfeiture claim was unsuccessful); <u>see also</u> <u>Comm'r of IRS v. Sunnen</u>, 333 U.S. 591, 599–600 (1948) (collateral estoppel applies to situations where matter raised in second suit is "identical in all respects with that decided in the first proceeding"); <u>F.T.C. v. Nat'l Urological Grp., Inc.</u>, 785 F.3d 477, 482 (11th Cir. 2015) (to establish that issue is not identical, party need only point to one material differentiating fact that would alter legal inquiry). The Court therefore overrules Mr. Moss's motion to dismiss.

**IT IS THEREFORE ORDERED** that the <u>Motion To Dismiss And Return Of Property</u> (Doc. #8) which Roger L. Moss filed February 24, 2025 is **OVERRULED**.

Dated this 20th day of May, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge