UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| $25,411.84 in United States Currency ) | Case No. 24-1224-KHV-GEB |
| More or less, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| Roger L. Moss ) | |
| Claimant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Claimant's Motion to Consider Appointment of Counsel (ECF No. 22). After review of Claimant's Motion (ECF No. 22); Plaintiff's Response (ECF No. 23); and Claimant's Reply (ECF No. 25) the Court **DENIES** Claimant's Motion **(ECF No. 22)**.

**I.    Background**

This is a civil forfeiture action. The United States claims the property being forfeited in the amount of $25,411.84 represents the proceeds of distributed narcotics and this action is brought to disgorge those proceeds pursuant to 21 U.S. Code § 881(a)(6).[1] On January 6, 2025, District Judge Kathryn Vratil issued a Warrant of Arrest *In Rem* for the relevant proceeds. On February 24, 2025, the Claimant filed a Motion to Dismiss (ECF No. 8) and

---

[1] ECF No. 23 at 1.

a subsequent Motion for Appointment of Counsel (ECF No. 9). The Plaintiff responded to the Motion on March 10, 2025 (ECF No. 15) and the Claimant did not file a subsequent reply.

On March 28, 2025, the Court denied Claimant's first Motion for Appointment of Counsel without prejudice as premature ahead of the establishment of standing to contest the forfeiture. After asserting two claims in the action (ECF Nos. 18, 19), Claimant filed the instant Motion to Consider Appointment of Counsel (ECF No. 22). Following the United States' Response and Claimant's Reply, the Motion is now fully briefed and ready for determination.

**II.    Motion to Consider Appointment of Counsel**

Claimant requests the Court appoint counsel on his behalf contending he: 1) is unable to afford counsel; 2) is currently incarcerated for the criminal conviction underlying this civil forfeiture action; and 3) lacks access to the legal knowledge and resources necessary to represent himself in this matter (ECF Nos. 22, 25). The United States argues Claimant's Motion should be denied where he is no longer represented in any criminal matter or appeal, and the assets sought in the civil forfeiture are monetary proceeds, not real property (ECF No. 23). Claimant acknowledges he is no longer represented by the counsel previously appointed to him under 18 U.S.C. § 3006A, but he indicates there are issues with mailing while incarcerated, which further necessitates appointment of counsel (ECF No. 25).

Under the civil forfeiture statute 18 U.S.C. § 983(b), representation may be appointed by the court when a claimant, with standing to contest the forfeiture, is

financially unable to obtain counsel, *and* the claimant is still represented by counsel appointed in the related criminal appeal. When a claimant remains represented in the companion matter, 18 U.S.C. § 983(b)(1) permits the Court to consider appointing the claimant's criminal counsel to the civil forfeiture matter after weighing: 1) the person's standing to contest the forfeiture; and 2) whether the claim appears to be made in good faith. If a claimant is not represented, 18 U.S.C. § 983(b)(2) then permits the court to consider appointing counsel from the Legal Services Corporation, a non-profit legal aid organization assisting in forfeiture cases. However, 18 U.S.C. § 983(b)(2) limits the appointment of this legal aid to instances where the claimant is "financially unable to obtain representation by counsel, *and* the property subject to forfeiture is real property being used by the person as a primary residence."

Where Claimant meets none of the considerations warranting appointment of counsel in a civil forfeiture proceeding, and there is no constitutional right to the assistance of counsel in civil matters,[2] the undersigned declines to appoint counsel for Claimant in this matter. The Court holds the sound discretion to appoint counsel in civil cases.[3] And, there is only a statutory right to counsel in certain types of civil forfeiture cases.[4] The Court cannot consider appointing Claimant counsel pursuant to 18 U.S.C. § 983(b)(1) where he

---

[2] *See Martin v. Cornell Companies, Inc.*, 377 Fed. Appx. 762, 765 (10th Cir. 2010) (citing *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir.1988)).
[3] *Snyder v. Whetsel*, 152 Fed. Appx. 730, 732 (10th Cir. 2005) (unpublished).
[4] *See U.S. v. 777 Greene Ave.*, 609 F.3d 94, 97 (2d Cir. 2010); *U.S. v. Stewart*, No. 21-034-WJM, 2025 WL 843714, at *2 (D. Colo. Mar. 18, 2025).

pleads he is no longer represented by counsel under 18 U.S.C. §3006A in the companion criminal matter.

Further, both Claimant and the United States acknowledge the property at issue is personal property, cash proceeds found in the Claimant's apartment, and not real property.[5] Thus, this matter is not the appropriate situation to request and appoint the Legal Services Corporation to represent the Claimant under 18 U.S.C. § 983(b)(2). Finally, Claimant has demonstrated an ability to effectively represent himself to date.  As such, the Court, in its' discretion, declines to appoint other counsel for Claimant.

**IT IS SO ORDERED.** Claimant's Motion to Consider Appointment of Counsel **(ECF No. 22)** is **DENIED.**

**IT IS SO ORDERED.**

Dated September 2, 2025 at Wichita, Kansas.

                                                                 s/ Gwynne E. Birzer
                                                                 GWYNNE E. BIRZER
                                                                 United States Magistrate Judge

---

[5] ECF Nos. 25 at 2, 23 at 1.