**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 24-1224-KHV |
| $25,411.89 in UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On May 18, 2022, the Honorable John W. Broomes sentenced Roger Moss to 255 months in prison and ordered him to forfeit $25,411.84 in drug proceeds which officers had seized from his apartment.  See Amended Judgment In A Criminal Case (Doc. #136) filed in United States v. Moss, D. Kan. No. 20-10038-01-JWB.  On October 22, 2024, the Tenth Circuit affirmed Mr. Moss's convictions and sentence, but vacated the forfeiture order.  See United States v. Moss, No. 22-3101, 2024 WL 4541738 (10th Cir. Oct. 22, 2024), cert. denied, No. 24-6637, 2025 WL 889287 (U.S. Mar. 24, 2025).  On December 10, 2024, the government filed this civil forfeiture action which arises from the seizure of $25,411.89 from Mr. Moss's apartment.[1]  On May 21, 2025, the Court overruled Mr. Moss's motion to dismiss.  Memorandum And Order (Doc. #21). This matter is before the Court on the Motion For Summary Judgment (Doc. #31) which Roger L. Moss filed July 28, 2025, which the Court construes as a motion to reconsider.[2]  For reasons stated

---

[1]    In this civil action, the government seeks forfeiture of a slightly different amount (five cents more).

[2]    In his motion, Mr. Moss has not set forth statements of uncontroverted fact or otherwise followed the required format for summary judgment motions.  Instead, he argues that under Rule 12(b)(6), Fed. R. Civ. P., the Court should dismiss the complaint for failure to state a claim.  Motion For Summary Judgment (Doc. #31) at 1.

below, the Court overrules claimant's motion.

### Factual Background

On December 17, 2021, a jury found Mr. Moss guilty of possession with intent to distribute methamphetamine, heroin and cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1–3), possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4) and possession of a firearm while an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g) (Count 5). Verdict (Doc. #120 in D. Kan. No. 20-10038-01-JWB). The jury also found that the $25,411.84 in cash which officers seized from Mr. Moss's residence constituted or derived from proceeds of his offenses for possession of a controlled substance with intent to distribute. Special Verdict Form For Forfeiture (Doc. #121 in D. Kan. No. 20-10038-01-JWB) filed December 20, 2021 at 1–2.

On May 18, 2022, Judge Broomes sentenced Mr. Moss to 255 months in prison and ordered him to forfeit $25,411.84 in drug proceeds. On appeal, the Tenth Circuit affirmed Mr. Moss's convictions and sentence, but vacated the district court's forfeiture order. 2024 WL 4541738, at *6. In doing so, the Tenth Circuit noted that the government conceded that the evidence at trial failed to establish the required nexus between the cash in Mr. Moss's residence and an offense of conviction.[3] Id. On March 24, 2025, the United States Supreme Court denied Mr. Moss's petition for certiorari. 2025 WL 889287.

On December 10, 2024, the government filed this civil forfeiture action which arises from

---

[3]    On appeal, the government agreed that the district court erred in ordering forfeiture of cash as proceeds of the specific offenses for possession with intent to distribute. See Answering Brief For The United States (Doc. #76 in United States v. Moss, 10th Cir. No. 22-3101) filed April 19, 2023 at 12. The government acknowledged that to the extent that the cash was proceeds of a drug transaction, it could not be proceeds of drugs that defendant possessed on the date that officers arrested him. See id. at 50–51.

the seizure of $25,411.89 from Mr. Moss's apartment. On March 28, 2025, Mr. Moss timely filed a verified claim to the money. On May 21, 2025, the Court overruled Mr. Moss's motion to dismiss. On July 28, 2025, Mr. Moss filed a Motion For Summary Judgment (Doc. #31), which the Court construes as a motion to reconsider the ruling on his motion to dismiss.

## Legal Standards

The Court has discretion to reconsider a decision if the moving party can establish (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3; Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Such motions are not appropriate to ask the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Matosantos Commercial Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1209 n.2 (10th Cir. 2001). Reconsideration may be appropriate, however, if the Court has misapprehended the facts, a party's position or the controlling law. See Servants of Paraclete, 204 F.3d at 1012.

The Court construes plaintiff's pro se filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for a pro se litigant. Id. A pro se litigant must "follow the same rules of procedure that govern all other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

## Analysis

The government alleges that proceeds of drug trafficking, the money seized from Mr. Moss's apartment should be forfeited to the government. See 21 U.S.C. § 881(a)(6) (all proceeds traceable to exchange of money for controlled substance subject to forfeiture). The Court

previously overruled Mr. Moss's motion to dismiss, which argued that because the government did not prevail in the criminal forfeiture action, the doctrine of res judicata or collateral estoppel barred this civil action.  Memorandum And Order (Doc. #21) at 4–5.  As explained in the prior order, because of the different legal standards for criminal and civil forfeitures, res judicata and collateral estoppel do not bar this civil action for forfeiture of the same currency for which the government unsuccessfully sought criminal forfeiture.  Id.; see United States v. One Assortment of 93 NFA Regulated Weapons, 897 F.3d 961, 968 (8th Cir. 2018) (acquittal in criminal case does not bar civil forfeiture proceeding because of different burdens of proof); United States v. Liquidators of Eur. Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (government may pursue civil forfeiture even after failed criminal prosecution); United States v. Dunn, 802 F.2d 646, 647 (2d Cir. 1986) (res judicata and collateral estoppel do not bar civil forfeiture action for same currency for which criminal forfeiture claim was unsuccessful); see also Comm'r of IRS v. Sunnen, 333 U.S. 591, 599–600 (1948) (collateral estoppel applies to situations where matter raised in second suit is "identical in all respects with that decided in the first proceeding"); F.T.C. v. Nat'l Urological Grp., Inc., 785 F.3d 477, 482 (11th Cir. 2015) (to establish that issue is not identical, party need only point to one material differentiating fact that would alter legal inquiry).

Mr. Moss now argues that because the government had a full opportunity to litigate the forfeiture issue in the criminal case, the Seventh Amendment precludes this civil action.  At its core, Mr. Moss's argument is simply a rehash of the arguments that he made or could have made in his motion to dismiss.  For this reason, the Court overrules the motion.  See Matosantos, 245 F.3d at 1209.  In addition, the motion is untimely.  Under Rule 7.3, a party must file a motion for reconsideration within 14 days after the order is filed.  See D. Kan. Rule 7.3.  Here, the Court entered the order overruling the motion to dismiss on May 21, 2025.  Mr. Moss did not file his

motion for reconsideration until July 28, 2025.  Because Mr. Moss's motion was not filed within

14 days, the motion is untimely.

Even if Mr. Moss had filed a timely motion to reconsider, he has not shown that relief is

warranted.  Mr. Moss argues that this civil forfeiture action violates his rights under the Seventh

Amendment.  Under the Seventh Amendment, litigants have right to a jury trial in federal civil

cases, which includes a right to have issues determined by the first jury impaneled to hear them,

and not reexamined by another finder of fact.  Matter of Rhone-Poulenc Rorer, Inc., 51 F.3d 1293,

1303 (7th Cir. 1995); see U.S. Const. amend. VII ("right to trial by jury shall be preserved, and no

fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according

to the rules of the common law").  Likewise, the premise of collateral estoppel is that if a jury has

resolved an issue in a prior proceeding, the Court or the jury shall perform no further fact-finding

on that issue.  Parklane Hosiery Co v. Shore, 439 U.S. 322, 336 n.23 (1979).  The jury in Mr.

Moss's criminal action addressed whether the money constituted or derived from proceeds of the

specific charged offenses.  Because that jury did not address whether the money was traceable to

drug trafficking generally, the Seventh Amendment does not preclude the government from

seeking such money in this civil action.  See United States v. $118,170.00 in U.S. Currency, 69 F.

App'x 714, 717 n.1 (6th Cir. 2003) (government must show substantial connection to specific

offense if seeking forfeiture of property involved in crime, but not when seeking civil forfeiture of

property "traceable to" crime).  The Court therefore overrules Mr. Moss's motion to reconsider.

To date, Mr. Moss has not filed an answer which admits or denies the allegations contained

in the complaint.  Supplementary Rule G(5)(b) of the Federal Rules of Civil Procedure requires a

claimant to serve and file an answer to the complaint or a motion under Rule 12 within 21 days

after filing a claim.  Because the Court did not set a separate deadline when it overruled Mr. Moss's

motion to dismiss, his answer was due June 4, 2025, i.e. 14 days after the Court's order. Fed. R. Civ. P. 12(a)(4)(A); see United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 153 (3d Cir. 2003) (after being served with complaint and filing verified claim, forfeiture claimant may respond to forfeiture complaint by filing motion to dismiss; claimant must serve answer within 10 days after court disposes of that motion) (citing prior 10-day deadline under Fed. R. Civ. P. 12(a)(4)). The government does not seek to dismiss Mr. Moss's claim on this ground, but it asks that the Court set a deadline for claimant to file an answer. The Court therefore orders that Mr. Moss file an answer by November 14, 2025.

**IT IS THEREFORE ORDERED** that the Motion For Summary Judgment (Doc. #31) which Roger L. Moss filed July 28, 2025, which the Court construes as a motion to reconsider, is **OVERRULED. On or before November 14, 2025, Mr. Moss shall file an answer to the government's Complaint For Forfeiture In Rem (Doc. #1) filed December 10, 2024.**

Dated this 27th day of October, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge