**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**$25,411.84 in UNITED STATES CURRENCY, More or less,**<br><br>**Defendant,**<br><br>**ROGER L. MOSS,**<br><br>**Claimant.** | ) | **CIVIL ACTION**<br><br>**No. 24-1224-KHV** |

**MEMORANDUM AND ORDER**

On May 18, 2022, the Honorable John W. Broomes sentenced Roger Moss to 255 months in prison and ordered him to forfeit $25,411.84 in drug proceeds which officers had seized from his apartment. See Amended Judgment In A Criminal Case (Doc. #136) filed in United States v. Moss, D. Kan. No. 20-10038-01-JWB. On October 22, 2024, the Tenth Circuit affirmed Moss's convictions and sentence, but vacated the forfeiture order. See United States v. Moss, No. 22-3101, 2024 WL 4541738 (10th Cir. Oct. 22, 2024), cert. denied, No. 24-6637, 2025 WL 889287 (U.S. Mar. 24, 2025). On December 10, 2024, the government filed this civil forfeiture action, which arises from the seizure of $25,411.84 from Moss's apartment. This matter is before the Court on the United States' Motion To Dismiss (Doc. #90) filed October 30, 2026. The United States moves the Court to dismiss this case without prejudice, pursuant to Fed. R. Civ. P. Rule 41(a)(2). For reasons stated below, the Court overrules the government's motion.

**Legal Standard**

After the opposing side answers, an action shall not be dismissed at plaintiff's instance

save upon order of the Court and upon such terms and conditions as the Court deems proper. Fed. R. Civ. P. 41(a). Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. See Phillips USA, Inc. v. Allflex USA, Inc., 77 F .3d 354, 357 (10th Cir. 1996). In exercising that discretion, the Court must consider the purposes of Rule 41(a)(2). The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to allow the Court to impose curative conditions. See id. (citing 9 C. Wright and A. Miller, Federal Practice and Procedure § 2364 at 279 (2d ed. 1994)).

When considering a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). Courts generally allow dismissal without prejudice unless defendant will suffer plain legal prejudice. Wimber v. Dep't of Soc. & Rehab. Servs., 156 F.R.D. 259, 261 (D. Kan. 1994); see also Clark, 13 F.3d at 1411. The Tenth Circuit has set out factors for courts to consider in determining whether to grant a motion to dismiss without prejudice: (1) defendant's efforts and funds expended towards preparing for trial; (2) the adequacy of plaintiff's explanation for needing to dismiss; (3) plaintiff's diligence in moving to dismiss; (4) the present stage of litigation; (5) duplicative expenses involved in a likely second suit; and (6) plaintiff's undue delay or lack of diligence in prosecuting the action. See Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D. Kan. 1995); see also Clark, 13 F.3d at 1411. Neither the mere prospect of a second lawsuit nor a tactical advantage to plaintiff amounts to legal prejudice. See Am. Nat'l Bank & Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). For dismissal to be appropriate, all factors need not be resolved in favor of the moving party; likewise, for dismissal to be inappropriate, all factors need not be resolved in favor of the party opposing it. See United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986). Further, the factors are not

exclusive; they are merely guides for the district court. See Phillips USA, Inc., 77 F.3d at 357–58.

Factors (1), (2), (3), (4) and (5) weigh against the government: (1) Moss has incurred significant effort in litigating this case, he has argued many motions, including motions to dismiss, for summary judgment, for reconsideration, to suppress and to strike; (2) the government's explanation for needing to dismiss is inadequate (explained below); (3) the government has not been diligent in moving to dismiss; (4) the parties have completed discovery, the Court resolved cross summary judgment motions and trial is set for just five weeks away; and (5) the Court incurred expenses appointing counsel to Moss to assist with preparation of the Pretrial Order, dispositive motion practice and settlement discussion, which would likely be duplicated in a second suit and the Court has invested significant resources in this simple case for nearly two years.

On factor (2), the Court is not persuaded by the government's stated explanation for wanting to dismiss its claims. It argues that if Moss successfully defends this action, he will not receive any funds because the Treasury Offset Program ("TOP") will collect the funds to pay towards Moss's delinquent federal debts, which are defaulted student loans that total more than $25,411.84. It seeks to dismiss this case in the interest of judicial economy and to avoid further litigation costs, because no funds will be paid to Moss regardless of the outcome of the trial. This argument ignores the obvious fact that if Moss receives no funds, he will still receive a substantial benefit if he prevails, because his student loan indebtedness will be substantially reduced.

Furthermore, the government has not adequately shown that Moss owes the Department of Education more than $25,411.84. The motion cites Moss's Exhibit 1j (Doc. #80-12) filed August 27, 2026, which is a debt statement letter dated December 17, 2018, that Moss submitted in his response in opposition to the government's motion for summary judgment (presumably to show a

possible legal source for the money). The government did not provide any evidence regarding the status of the debt over the subsequent eight years. The government's motion did include the statement "[t]he Department of Education has advised that this defaulted student loan debt has been entered into the Treasury Offset Program" at ¶ 5 with no accompanying citation, attestation or date. The Court cannot accept the government's premise that this trial is moot with so little evidence this debt still exists.

Finally, even if the Department of Education's debt is valid, it is not clear that the government would be able to keep the $25,411.84 if Moss is successful at trial. The government cites Astrue v. Ratliff, 560 U.S. 586 (2010), and Seto v. United States, 160 Fed. Cl. 37, 43–44 (2022), for the proposition that the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3716, authorizes the United States to use offsets to collect delinquent federal debts. Neither of those cases, however, involved civil forfeiture.

The DCIA requires the Department of the Treasury to offset federal payments to collect delinquent debts owed to the United States. Some courts have ruled that the government returning funds it held for civil forfeiture does not qualify as a "federal payment," and therefore the DCIA does not apply. See, e.g., In re Return of Seized Prop., No. 11CV1091 BTM RBB, 2011 WL 3759702, at *2 (S.D. Cal. Aug. 23, 2011). Other courts have rejected this reasoning, since the regulation states that all federal payments are eligible for offset, unless explicitly excluded. See, e.g., United States v. $37,000 U.S. Currency, 117 F. Supp. 3d 1064, 1067 (S.D. Ind. 2015); United States v. $3,174.00, 928 F. Supp. 2d 1040 (E.D. Wis. 2013). Without deciding which precedent to follow, the Court cannot agree with the government that the outcome of this trial is meaningless.

Accordingly, factors (1), (2), (3), (4) and (5) counsel that dismissal without prejudice would result in plain legal prejudice against Moss. The Court also finds that no condition it could place

on the dismissal would cure this prejudice. Therefore, the Court will not allow the government to dismiss its claim without prejudice pursuant to Rule 41(a)(2).[1]

**IT IS THEREFORE ORDERED** that the United States' Motion To Dismiss (Doc. #90) filed October 30, 2026 is **OVERRULED. The case remains set for trial on December 7, 2026.**

Dated this 2nd day of November, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

[1] The government does not address why it seeks dismissal without prejudice, nor does it offer to credit the disputed funds to Moss's student loan debt. Dismissing the case without prejudice after two years of litigation would accomplish nothing. If the government wishes to simply avoid litigation costs, it needs to come up with a different strategy or perhaps settle its claims with Moss.